UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

UNITED STATES OF AMERICA                          :

              -v.-                          :          **SEALED**
                      :          **SUPERSEDING**
ALIREZA SHAFIE NASAB,                          :          **INDICTMENT**
                      :
                      :          S2 21 Cr. 704

        Defendant.                          :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## COUNT ONE
### (Conspiracy to Commit Computer Intrusions)

The Grand Jury charges:

### OVERVIEW

1.      From at least in or about 2016 through at least in or about April 2021, ALIREZA SHAFIE NASAB (علیرضا شفیعی نسب), the defendant, a national of the Islamic Republic of Iran, and others known and unknown, were members of a hacking organization that participated in a coordinated, multi-year campaign to conduct and attempt computer intrusions into more than a dozen American companies and the U.S. Departments of the Treasury and State.

2.      The private sector victims were primarily cleared defense contractors, which were granted security clearances by the U.S. Department of Defense to access, receive, and store classified information for the purpose of conducting activities in support of U.S. Defense Department programs. Other private sector victims included a New York, New York-based accounting firm, where more than 200,000 employee accounts were compromised, and a New York, New York-based hospitality company ("Hospitality Company-1"), where more than 2,000 employee accounts were targeted for compromise.

## MEANS AND METHODS OF THE CONSPIRACY

### Spearphishing

3.      In conducting their hacking campaign, one of the means through which members of the conspiracy obtained and sought to obtain unauthorized access to victim systems was through the use of spearphishing.  In a spearphishing campaign, a malicious actor sends an email or other online message to a victim, which message attempts to trick the victim into either clicking a link that will download malicious software ("malware") onto the victim's computer or unwittingly providing account credentials (*i.e.*, username and password) to the malicious actor.

4.      Members of the conspiracy created, and used, a particular computer application ("Application-1") to manage their many spearphishing campaigns. Application-1 enabled members of the conspiracy to obtain a report of various target email accounts for different campaigns (including whether a particular target email account clicked the malicious hyperlink in spearphishing emails as well as the victim Internet protocol ("IP") address, victim location, the web browser used by the victim, and the victim's operating system).  Application-1 also allowed conspiracy members to select which email accounts to target and then launch spearphishing attacks.

5.      In many instances, members of the conspiracy registered domains that were designed to mimic the domains of victim entities or other known corporate entities, to trick recipients into believing that the spearphishing emails came from a trusted source.  In other instances, members of the conspiracy leveraged compromised accounts, or fraudulently created accounts on victim systems, to use those accounts, and the associated authentic and trusted domains, to target additional victims.

6.     For example, between in or about February 2019 and in or about December 2019, members of the conspiracy targeted two cleared defense contractors ("Defense Contractor-1" and "Defense Contractor-2") and a consulting firm ("Consulting Firm-1"). In or about August 2019, the conspirators compromised an administrator email account belonging to Defense Contractor-1. After obtaining unauthorized access to that account, the conspirators used the account's administrator privileges to create two new unauthorized Defense Contractor-1 email accounts. The conspirators then used those two fraudulent email accounts to send spearphishing emails to employees of Defense Contractor-2 and Consulting Firm-1, in the course of attempting to compromise the computer systems of Defense Contractor-2 and Consulting Firm-1.

## Social Engineering

7.     Members of the conspiracy also used social engineering, which is the use of deception to manipulate individuals into divulging confidential or personal information, in order to gain unauthorized access to victim accounts and networks. Generally, the conspirators sent messages to victims from conspirator-created social media accounts with female personas. These messages often contained links to a malicious domain or attached documents embedded with malware.

8.     For example, the conspirators used social engineering involving a female persona to induce an employee at Defense Contractor-2 to click on a link in a web form. Shortly thereafter, members of the conspiracy compromised that employee's account at Defense Contractor-2.

## THE DEFENDANT

9.     At all times relevant to this Superseding Indictment ("Indictment"), ALIREZA SHAFIE NASAB, the defendant, participated in the above-described highly organized and coordinated scheme to conduct computer intrusions targeting American companies and federal

3

agencies, as well as Country-1. During his involvement in the crimes charged in this Indictment, NASAB worked for Iran-based private technology companies, and was responsible for procuring infrastructure used by the conspiracy, particularly infrastructure used in furtherance of social engineering campaigns. NASAB also used the identity of a real person ("Individual-1"), including Indivdiual-1's name and passport, to register server and email accounts that were used in the course of cyber campaigns.

10.    At certain times relevant to this Superseding Indictment, Mahak Rayan Afraz (محک رایان افراز) ("MRA") was an Iran-based company that purported to provide cybersecurity services. ALIREZA SHAFIE NASAB worked at MRA, including at times during which he engaged in the conspiracy described in this Superseding Indictment.

## STATUTORY ALLEGATIONS

11.    From at least in or about 2016 through at least in or about April 2021, in the Southern District of New York and elsewhere, ALIREZA SHAFIE NASAB, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, a computer intrusion and intentionally causing damage to a computer system, in violation of Title 18, United States Code, Sections 1030(a)(4), 1030(c)(3)(A), 1030(a)(5)(A), 1030(c)(4)(A)(i)(I), and 1030(c)(4)(B)(i) and (ii).

12.    It was a part and an object of the conspiracy that ALIREZA SHAFIE NASAB, the defendant, and others known and unknown, knowingly and with the intent to defraud, would and did access a protected computer without authorization, and exceed authorized access, and by means of such conduct further the intended fraud and obtain anything of value, in violation of Title 18, United States Code, Sections 1030(a)(4) and (c)(3)(A).

13.     It was further a part and an object of the conspiracy that ALIREZA SHAFIE NASAB, the defendant, and others known and unknown, knowingly would and did cause the transmission of a program, information, code, and command, and as a result of such conduct, would and did intentionally cause damage, without authorization, to a protected computer, which caused a loss (including loss resulting from a related course of conduct affecting one and more other protected computers) aggregating to at least $5,000 in value to one and more persons during any one-year period, in violation of Title 18, United States Code, Sections 1030(a)(5)(A), 1030(c)(4)(A)(i)(I), and 1030(c)(4)(B)(i).

## Overt Acts

14.     In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:.

a.     In or about December 2018, members of the conspiracy sent spearphishing emails and two documents embedded with malware to an email account of Hospitality Company-1 located in New York, New York.

b.     In or about September 2019, members of the conspiracy compromised an administrator account at Defense Contractor-1, used that account to create two new unauthorized email accounts on Defense Contractor-1's system, and then used those fraudulent email accounts to send spearphishing emails to additional victims.

c.     In or about September 2020, ALIREZA SHAFIE NASAB, the defendant, registered an account with an internet-service provider that leased IP addresses used as part of social engineering attacks against employees at a domestic cleared defense contractor.

(Title 18, United States Code, Section 371.)

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

The Grand Jury further charges:

15.     The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

16.     From at least in or about 2016 through at least in or about April 2021, in the Southern District of New York and elsewhere, ALIREZA SHAFIE NASAB, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

17.     It was a part and object of the conspiracy that ALIREZA SHAFIE NASAB, the defendant, and others known and unknown, knowingly having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343, to wit, NASAB and others engaged in a scheme to use fraudulent means, including spearphishing, to obtain dominion and control over victim email accounts, and to create fraudulent email accounts on victim computer systems, with the intention of using those fraudulent email accounts to compromise other online accounts belonging to the same victim and other victims, which involved the use of interstate wires into and out of the Southern District of New York.

(Title 18, United States Code, Section 1349.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

18.     The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

19.     From at least in or about May 2014 through at least in or about April 2017, in the Southern District of New York and elsewhere, ALIREZA SHAFIE NASAB, the defendant, who will first be brought to the Southern District of New York, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, to wit, NASAB and others engaged in a scheme to use fraudulent means, including spearphishing, to obtain dominion and control over victim email accounts, and to create fraudulent email accounts on victim computer systems, with the intention of using those fraudulent email accounts to compromise other online accounts belonging to the same victim and other victims, which involved the use of interstate wires into and out of the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2;
Title 18, United States Code, Section 3238.)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

20.     The allegations contained in paragraphs 1 through 10 of this Indictment are repeated and realleged as if fully set forth herein.

21.     From at least in or about 2017 through at least in or about 2019, in the Southern

District of New York and elsewhere, ALIREZA SHAFIE NASAB, the defendant, knowingly

transferred, possessed, and used, without lawful authority, a means of identification of another

person, during and in relation to a felony violation enumerated in Title 18, United States Code,

Section 1028A(c), and aided and abetted the same, to wit, NASAB transferred, possessed, and

used, and aided and abetted the transfer, possession, and use of, the name and passport of

Individual-1 to register server and email accounts that were used for operational purposes during

and in relation to the computer fraud and wire fraud offenses charged in Counts Two and Three of

this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1),<br>1028A(b), and 2.)

FORFEITURE ALLEGATIONS

22.     As a result of committing the computer fraud offenses alleged in Count One of this

Indictment, ALIREZA SHAFIE NASAB, the defendant, shall forfeit to the United States, pursuant

to Title 18, United States Section, Section 1030(i), any and all property, real or personal,

constituting or derived from, any proceeds obtained directly or indirectly, as a result of said

offense, and any and all personal property that was used or intended to be used to commit or to

facilitate the commission of said offense, including but not limited to a sum of money in United

States currency representing the amount of proceeds traceable to the commission of said offense.

23.     As a result of committing the wire fraud offenses alleged in Counts Two and Three

of this Indictment, ALIREZA SHAFIE NASAB, the defendant, shall forfeit to the United States,

pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code,

Section 2461(c), any and all property, real and personal, which constitutes or is derived from

8

proceeds traceable to the commission said offenses, including but not limited to a sum of money

in United States currency representing the amount of proceeds traceable to the commission of said

offenses.

Substitute Assets Provision

24.    If any of the above-described forfeitable property, as a result of any act or omission

of the defendant:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third person;

        c.      has been placed beyond the jurisdiction of the Court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be

subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the

defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Sections 981 & 1030;<br/>
Title 21, United States Code, Section 853; and<br/>
Title 28, United States Code, Section 2461.)

FOREPERSON

DAMIAN WILLIAMS<br/>
United States Attorney

TRUE BILL, 1 A.W., SUPESEDING INDICTMENT RWL 6/15/2023

9